UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| STEPHEN B. REEVES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:11-CV-382 WL |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Stephen B. Reeves, a *pro se* prisoner, is serving a 65-year sentence for a murder committed in Elkhart County. *State v. Reeves*, No. 20C01-0503-MR-43. He filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (DE 1.) The respondent argues that Reeves' claims are procedurally defaulted and otherwise without merit. (DE 9.)

I.   BACKGROUND

In deciding the petition, the court must presume the facts set forth by the state courts are correct. 28 U.S.C. § 2254(e)(1). It is Reeves' burden to rebut this presumption with clear and convincing evidence. *Id*. On direct appeal, the Indiana Court of Appeals set forth the facts surrounding Reeves' offense as follows:

> [O]n March 4, 2005, Reeves, Lyndi Lolmaugh (Reeves's live-in girlfriend), and two friends played cards at Reeves's home. [Gary] Shuff arrived at Reeves's home around 11:00 p.m., after being invited by Reeves. By sometime shortly after midnight, the two friends had left and Lolmaugh had gone upstairs to bed, leaving Reeves and Shuff talking at the kitchen table. Early on March 5, Reeves awoke Lolmaugh and told her that he had shot Shuff. When Lolmaugh and Reeves returned downstairs, Lolmaugh saw Shuff sitting in a chair with blood running down his face. Shuff was making a gurgling sound, and it was apparent that he was not yet dead. Reeves shot Shuff in the face three more times, once with a handgun, and twice with a rifle he retrieved from his bedroom. Reeves finally took a towel, wrapped it around Shuff's neck, and twisted Shuff's head until the gurgling sound ceased. Reeves then pulled Shuff off the chair, laid his body on the floor and emptied Shuff's pockets.

> At Reeves's direction, Lolmaugh left the home to find Steve Peepers, a neighbor, to help dispose of Shuff's body. Lolmaugh, Peepers, and Harold Curtis, who had been at Peepers' residence, all returned to Reeves's home, at which time Reeves told Curtis and Peepers that he had killed Shuff. Reeves and Peepers wrapped Shuff's body in a plastic tarp, accidentally enclosing several items: a pair of plastic gloves, a pair of jeans, a shirt, a towel, a bankcard, a wallet, a phone card, and a stock. Reeves and Peepers then placed Shuff's body in Shuff's car, which was parked behind Reeves's house. Peepers, at Reeves's direction, left with the guns used to shoot Shuff and threw them in a nearby river. Lolmaugh and Reeves then departed, with Lolmaugh driving Shuff's car and Reeves following in his own car. They left Shuff's car in an open field and returned home in Reeves's car.
>
> After a short investigation, Reeves was arrested and charged with Shuff's murder. Later, Peepers showed the police where he had thrown the guns in the river, and the police recovered Reeves's rifle.

*Reeves v. State*, No. 20A03–0604–CR–187, slip op. at *2–3 (Ind. Ct. App. Sept. 6, 2006).

Reeves appealed, claiming that the trial court abused its discretion in allowing certain photographs of the victim to be shown to the jury. *Id.* at *5-9. The Indiana Court of Appeals affirmed. *Id.* at *9. Reeves did not seek review in the Indiana Supreme Court or the United States Supreme Court. (DE 1 at 1.)

In April 2007, Reeves filed a petition for post-conviction relief alleging ineffective assistance of trial and appellate counsel on various grounds. (*See* DE 8-8 at 2-3.) Following a hearing, the trial court denied the petition. (*Id.* at 1-6.) The Indiana Court of Appeals affirmed. *Reeves v. State*, No. 20A03-1006-PC-324 (Ind. Ct. App. Mar. 21, 2011). The Indiana Supreme Court denied Reeves's petition to transfer. (DE 8-4 at 5.)

Thereafter, Reeves filed this federal habeas petition claiming that he did not receive effective assistance from trial and appellate counsel as guaranteed by the Sixth Amendment. (DE 1.) Specifically, he claims that trial counsel was ineffective in failing to challenge a search of trash outside his home under *Litchfield v. State*, 824 N.E.2d 356 (Ind. 2005) (under Indiana law a

search of trash left outside a home for pick-up must be based on individualized suspicion). (DE 1 at 1-6.) He further claims that his appellate counsel was ineffective in failing to raise an argument based on *Litchfield* on direct appeal. (*Id.*)

II.     ANALYSIS

Reeves's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court can grant an application for habeas relief if it meets the stringent requirements of 28 U.S.C. § 2254(d), set forth as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under this deferential standard, a federal habeas court must "attend closely" to the decisions of state courts and "give them full effect when their findings and judgments are consistent with federal law." *Williams v. Taylor*, 529 U.S. 362, 383 (2000). A state court decision is "contrary to" federal law if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court or reaches an opposite result in a case involving facts materially indistinguishable from relevant U.S. Supreme Court precedent. *Bell v. Cone*, 535 U.S.

685, 694 (2002). A federal court may grant habeas relief under the "unreasonable application" clause if the state court identifies the correct legal principle from U.S. Supreme Court precedent but unreasonably applies that principle to the facts of the petitioner's case. *Wiggins v. Smith,* 539 U.S. 510, 520 (2003). To warrant relief, a state court's decision must be more than incorrect or erroneous; it must be "objectively" unreasonable. *Id.* In other words, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, —U.S.—, 131 S. Ct. 770, 786 (2011). Furthermore, "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.*

Before considering the merits of a habeas petition, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). The exhaustion requirement is premised on a recognition that the state courts must be given the first opportunity to address and correct violations of their prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). For that opportunity to be meaningful, the petitioner must fairly present his constitutional claims in one complete round of state review. *Baldwin v. Reese*, 541 U.S. 27, 30-31 (2004); *Lewis*, 390 F.3d at 1025. The companion procedural default doctrine, also rooted in comity concerns, precludes a federal court from reaching the merits of a claim when: (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state procedural ground; or (2) the claim was not presented to the state courts and it is clear those courts would now find the claim procedurally barred under state law. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991).

Both of Reeves's claims are premised on alleged ineffective assistance of counsel. (DE 1.) Under the Sixth Amendment, a criminal defendant is entitled to "effective assistance of counsel——that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." *Bobby v. Van Hook*, —U.S.—, 130 S. Ct. 13, 16 (2009). To prevail on a claim of ineffective assistance, the petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668 (1984). On the deficiency prong, the central question is "whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices[.]" *Harrington*, 131 S. Ct. at 788. The court's review of counsel's performance is deferential, and there is an added layer of deference when the claim is raised in a habeas proceeding; the petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Davis v. Lambert*, 388 F.3d 1052, 1059 (7th Cir. 2004). The court must also "evaluate [counsel's] performance as a whole rather than focus on a single failing or oversight." *Ebert v. Gaetz*, 610 F.3d 404, 412 (7th Cir. 2010). Furthermore, the court cannot evaluate counsel's performance with the benefit of hindsight, because "habeas courts must respect their limited role in determining whether there was manifest deficiency in light of information then available to counsel." *Premo v. Moore*, —U.S.—, 131 S. Ct. 733, 741 (2011).

On the prejudice prong, the petitioner must show there is a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is "sufficient to undermine confidence in the outcome." *Id*. at 693. In assessing prejudice under *Strickland*, "the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible

a reasonable doubt might have been established if counsel had acted differently." *Harrington*, 131 S. Ct. at 791. "The likelihood of a different result must be substantial, not just conceivable." *Id.* at 792. Where it is expedient to do so, the court may resolve an ineffective assistance claim solely on the prejudice prong, because if the petitioner cannot establish prejudice, there is no need to "grade" counsel's performance. *Strickland*, 466 U.S. at 697.

A claim of ineffective assistance of appellate counsel is also subject to the *Strickland* analysis. *Howard v. Gramley*, 225 F.3d 784, 789-90 (7th Cir. 2000). On the deficiency prong, the petitioner must show that counsel failed to present a "significant and obvious" issue on appeal. *Id.* at 790. However, counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). On the prejudice prong, the petitioner must demonstrate that if the argument had been raised, there is "a reasonable probability that his case would have been remanded for a new trial or that the decision of the state trial court would have been otherwise modified on appeal." *Howard*, 225 F.3d at 790. Where the underlying argument has no merit, an ineffective assistance claim cannot succeed: "Failure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel." *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996).

Reeves's first claim is that his trial counsel was ineffective in failing to challenge the search of his trash under *Litchfield*. (DE 1 at 5-6.) The record shows that on March 9, 2005, four days after the murder, Detective Michael Sigsbee of the Elkhart Police Department conducted a trash pull at Reeves's residence and recovered several blood-stained articles that were subsequently linked to Shuff. *See Reeves*, No. 20A03-1006-PC-324, at *5. At trial, Detective Sigsbee testified that this trash had been left out for pickup in an alley. *Id.* Reeves claims that his

trial counsel should have challenged the search based on the Indiana Supreme Court's opinion in *Litchfield*. (DE 1 at 3-8.)

The respondent first argues that this claim is procedurally defaulted because the Indiana Court of Appeals denied the claim on an adequate and independent state procedural ground. (DE 9 at 5-6.) Specifically, the state court determined that Reeves failed to develop an evidentiary basis for his claim as required by state law. *See Reeves*, No. 20A03-1006-PC-324, at *7. A habeas petitioner's failure to comply with state procedural rules provides an adequate and independent state ground that blocks federal review. *Coleman*, 501 U.S. at 735; *see also Szabo v. Walls*, 313 F.3d 392 (7th Cir. 2002) (state court's determination that petitioner failed to adequately develop claim on post-conviction review constituted adequate and independent state ground barring federal review). However, for this doctrine to apply, the state court must "clearly and expressly" base its judgment on a state procedural bar. *Harrison v. McBride*, 428 F.3d 652, 664 (7th Cir. 2005). Here, the state court observed that Reeves' claim was based on nothing more than "[b]ald assertions," which failed to establish an ineffective assistance claim under state law. *Reeves*, No. 20A03-1006-PC-324, slip op at *7. Elsewhere in the opinion, however, the court appeared to consider the merits of this claim. *See id.* at *5-6. Given the potential

ambiguity in the state court opinion, the court finds it necessary to consider the respondent's alternative argument that the claim lacks merit.[1]

In resolving Reeves's ineffective assistance claims, the Indiana Court of Appeals properly identified *Strickland* as the governing standard. *See id.* at *4. The court determined that Reeves failed to establish that his trial counsel was ineffective in connection with a *Litchfield* claim. *Id.* at *5-6. Based on the record, this was not an unreasonable application of *Strickland*.

Resolution of this claim hinges on an examination of Indiana law, because if an argument based on *Litchfield* would have been unavailing, counsel cannot be considered ineffective for failing to raise it. *See Stone*, 86 F.3d at 717. In *Litchfield*, the Indiana Supreme Court held that under the Indiana Constitution police cannot search a person's trash unless they have articulable individualized suspicion. *Litchfield*, 824 N.E.2d at 364. Prior to *Litchfield*, the search of trash was permissible as long as the totality of the circumstances established that police acted reasonably. *Moran v. State*, 644 N.E.2d 536 (Ind. 1994).

The opinion in *Litchfield* was issued on March 24, 2005, two weeks after the search of Reeves's trash. *Reeves*, No. 20A03-1006-PC-324, slip op at *7. Although *Litchfield* did not address retroactivity, in subsequent cases the Indiana Supreme Court declined to give *Litchfield*

---

[1] The state appellate court appeared to hold that Reeves did not properly develop his claim that counsel was ineffective in failing to challenge the search of his trash under pre-*Litchfield* case law. *Reeves*, No. 20A03-1006-PC-324, slip op at *6-7. The record shows that counsel did in fact file a motion to suppress challenging the search of the trash and a subsequent search warrant issued for Reeves's home, which was based on articles found in his trash. (DE 11, Appellant's Appx. at 36-42.) After briefing and an evidentiary hearing, the trial court issued a four-page order denying the motion to suppress. (*Id.* at 52-55.) Because Reeves did not develop a factual basis for his claim that counsel's efforts in connection with the motion were inadequate, the claim was denied on a state procedural ground. To the extent Reeves is attempting to reassert this claim here, the court agrees that it is procedurally defaulted. Reeves did not file a traverse in support of his petition and has not otherwise provided any grounds for excusing his procedural default.

retroactive effect. *See Membres v. State*, 889 N.E.2d 265 (Ind. 2008) (*Litchfield* did not apply to search of trash conducted prior to issuance of opinion); *Belvedere v. State*, 889 N.E.2d 286 (Ind. 2008) (search of trash conducted prior to *Litchfield* was governed by pre-*Litchfield* case law, even where the defendant's case was not yet final when *Litchfield* was decided).

Thus, even if trial counsel had challenged the search of Reeves' trash based on *Litchfield*, his argument would have been unavailing. Counsel cannot be considered ineffective for failing to raise a losing argument. *Stone*, 86 F.3d at 717. For the same reason, appellate counsel cannot be considered ineffective for failing to raise an argument based on *Litchfield* on direct appeal. The state court's rejection of Reeves's ineffective assistance claims was not unreasonable and, therefore, these claims are denied.

For these reasons, the petition (DE 1) is DENIED.

SO ORDERED.

ENTERED: May 25, 2012

                                                   s/William C. Lee
                                                   William C. Lee, Judge
                                                   United States District Court